IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

---------------------------------------------------------

In Re:

Leigh A. Valentine,                                    Case No.: 06-40305
                                                       Chapter 7
                    Debtor.

---------------------------------------------------------

**CREDITOR BARLAGE'S MOTION TO VACATE DISCHARGE**

Creditor Dale Barlage ("Barlage") for his motion to vacate debtor Leigh Valentine's ("Debtor") discharge granted September 6, 2007, hereby states and alleges as follows:

1. Creditor Barlage is a creditor of the estate, filed a timely Proof of Claim, and, therefore has standing to bring this motion.

2. Debtor received her discharge on September 6, 2007.

3. On December 13, 2007, after a duly noticed hearing was held that day and after the motion for a Bankruptcy Rule 2004 Examination was briefed by the parties, The Honorable Judge Whitley ordered the Bankruptcy Rule 2004 Examination of Debtor because of issues of potential fraud by Debtor.

4. Subsequently, Creditor Barlage's counsel attempted to schedule Debtor's Bankruptcy Rule 2004 Examination for a mutually convenient time without success.

5. Debtor has repeatedly shown disdain for courts in litigation. During underlying Texas litigation regarding one of the debts that is the subject matter of a Proof of Claim in this bankruptcy, Debtor failed to show up for her deposition five times, and, had to be ordered by the Court to appear on a date and time certain. Debtor also failed to show up for her scheduled

deposition in Arizona litigation that is the underlying litigation for one of the debts that is the subject matter of a Proof of Claim in this bankruptcy action.

6. In her Texas divorce action, Debtor was held in contempt of Court for disobeying Court Orders, including orders to turn over personal property owned by the church led by her ex-husband.

7. Creditor Barlage has no ability to force Debtor to obey the Bankruptcy Rule 2004 Examination Order and Debtor does not agree with the ruling of the Court. Debtor has shown a pattern of disobeying Court Orders with which she does not agree. Therefore, Court intervention is necessary.

8. Creditor Barlage incorporates by reference his Motion to Compel Bankruptcy Rule 2004 Examination of Debtor (Main Case, Docket No. 43), together with the exhibits thereto.

9. Based on the exhibits thereto, the Court should vacate the Debtor's discharge based on fraud because Debtor:

    a. Declared $14,400 on her schedules when her most recent homeowner's policy showed $134,450 in jewelry owned (Main Docket No. 43, Ex. A).

    b. Debtor admitted under oath at her § 341 hearing that she moved bank accounts from Forest City, North Carolina to Spartanburg, South Carolina to avoid creditors (Main Docket No. 43, Ex. C).

10. The Court has the authority to vacate the discharge:

    a. Pursuant to 11 U.S.C. § 727(a)(6)(A) and 11 U.S.C. § 727(d)(3) based on Debtor's failure to obey a lawful order of the bankruptcy court, i.e., Judge Whitley's December 13, 2007 Order compelling Debtor's Bankruptcy Rule 2004 Examination;

    b. Pursuant to 11 U.S.C. § 727(d)(1) based on Debtor's fraud in obtaining the discharge, i.e., Debtor's failure to fully disclose her jewelry ownership.

WHEREFORE, Creditor Barlage respectfully requests that the Court order that Debtor's September 6, 2007 discharge be vacated.

Dated:  May 14, 2008.          /s/ Kevin W. Rouse
                               Kevin W. Rouse
                               (Minnesota Bar No. 121939)
                               1110 Magnolia Lane North
                               Minneapolis, Minnesota  55441
                               (952)925-2530

                               ATTORNEY FOR CREDITOR DALE BARLAGE

## CERTIFICATE OF SERVICE

      The undersigned certifies that the pleading or paper to which this Certificate is affixed was served upon the other party(s) to this action by hand delivery or by depositing a copy of same, enclosed in a first class post-paid wrapper properly addressed to the attorney(s) of record for such other party(s), in a post office or official depository under the exclusive care and custody of the United States Postal Service this 14th day of May, 2008.

                        /s/ Kevin W. Rouse
                        Kevin W. Rouse, Attorney

VIA FIRST CLASS MAIL:

Leigh A. Valentine
279 Shiloh Road
Suite 300
Forest City, NC  28043

VIA ECF

Wayne Sigmon
Trustee and Attorney for Trustee

Keith Johnson
Attorney for Debtor

Richard Mitchell
Attorney for Creditor Black Palm Corporation

Nancy Paschall
Attorney for One World Live

Deborah Crowder
Attorney for BB&T

David Lennon
Attorney for North Carolina Department of Revenue

John Bramlett
Bankruptcy Administrator